66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
Juan Martin CARBAJAL-RUBIO, Defendant-Appellant/Cross-Appellee.
 Nos. 94-10329, 94-10366.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1995.
Decided Sept. 8, 1995.
 
 1
 Before: D.W. NELSON and T.G. NELSON, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Juan Martin Carbajal-Rubio ("Carbajal") appeals from a conviction for conspiracy to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The United States cross appeals from the sentencing. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 I.
 
 4
 Carbajal contends that his admitted participation in the cocaine deal from which this case stems came only at the behest and encouragement of one Jose Perez-Perez ("Perez"), the Government's paid informant. Carbajal further contends that Perez and Luis Valenzuela, a second confidential informant, were paid a fee contingent upon the results of the investigation. Carbajal argues that this arrangement constituted outrageous government conduct because it created a "perverse incentive" for the informants to pursue a conviction at all costs.
 
 
 5
 The Government first argues that Carbajal waived his outrageous government conduct challenge because he did not raise it at trial. Indeed, the courts of other circuits have held claims of outrageous government conduct to be waived if not first presented in district court. See, e.g., United States v. Henderson-Durand, 985 F.2d 970, 973 (8th Cir.1993), cert. denied sub nom., Arnold v. United States, 985 F.2d 970 (1993); United States v. Duncan, 896 F.2d 271, 274 (7th Cir.1990); United States v. Nunez-Rios, 622 F.2d 1093, 1099 (2d Cir.1980).
 
 
 6
 Carbajal counters that his claim of outrageous government conduct should nonetheless be heard by this court because the claim falls within an exception to the waiver rule for a "new theory or issue" that arises while an appeal is pending. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992). Carbajal notes his claim is based in part on this court's opinion in United States v. Solorio, 37 F.3d 454 (9th Cir.1994), decided after Carbajal's trial, in which the court found a fee payment to an informant contingent upon the defendant's conviction to constitute outrageous government conduct.
 
 
 7
 Solorio was later withdrawn by this court and replaced with an unpublished memorandum disposition reaching a contrary result. Although the fact of withdrawal may undermine Carbajal's claim on the merits, Solorio nonetheless provides some basis for excusing Carbajal's failure to bring his outrageous conduct claim earlier. Thus this court may, in an exercise of its discretion, reach the merits of Carbajal's challenge.
 
 
 8
 To violate due process, government conduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Hart, 963 F.2d 1278, 1284 (9th Cir.1992). Put another way, the conduct complained of "must be malum in se or amount to the engineering or direction of the criminal enterprise from start to finish." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 
 9
 In Greene v. United States, 454 F.2d 783 (9th Cir.1971), the only published opinion other than Solorio by this court dismissing an indictment on outrageous conduct grounds, the government had initiated contact with the bootlegging defendants, offered to supply necessary equipment and an operator for a still, supplied the defendants with large amounts of sugar, and served as the defendants' sole customer.
 
 
 10
 The record does not suggest that Perez' role in developing the offenses underlying the instant case came anywhere close to the level of Government involvement condemned by the court in Greene. The evidence that the jury apparently chose to credit suggests that Carbajal did not require much prodding to take part in the transaction. The Government did not manufacture the crime for which Carbajal was charged and convicted. Nor is there any evidence in the record that the Government gave its informants an incentive to lie on the witness stand by making their pay contingent upon Carbajal's conviction. Accordingly, Carbajal's claim of outrageous government conduct fails.
 
 II.
 
 11
 This court reviews the district court's application of the sentencing guidelines de novo. The findings of fact underlying the district court's sentencing determination are reviewed for clear error. United States v. Davis, 36 F.3d 1424, 1435 (9th Cir.1994), cert. denied sub nom., Williams v. United States, 115 S.Ct. 1147 (1995).
 
 
 12
 The Government contends that the district court's decision reducing Carbajal's offense level by two points for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1 was inconsistent with the court's finding that Carbajal lied about his role in the offense. The Government argues that the reduction was thus erroneous as a matter of law. Alternatively, the Government argues that the district court's factual finding that Carbajal accepted responsibility for his crime is clearly erroneous.
 
 
 13
 Carbajal's presentence report recommended a prison term of 168 months. The recommendation was based on an adjusted offense level of 34--including a two-level adjustment for his aggravating role in the crime--and a criminal history category of II, which yielded a sentencing range under the guidelines of 168 to 210 months. Carbajal filed objections seeking, inter alia, a reduction for acceptance of responsibility. With the two-level reduction for acceptance of responsibility, Carbajal received a prison term of 130 months.
 
 
 14
 Carbajal did not talk to the probation officer who prepared his presentence report, but his counsel did request that a transcript of Carbajal's testimony at trial be incorporated into the report as Carbajal's statement. That testimony includes an admission by Carbajal that his conduct with respect to the instant offenses was both illegal and wrong. The Government argues that Carbajal's statement was evidence of neither an admission of guilt nor remorse. However, it was for the district court to decide what inferences could properly be drawn from this and other statements by Carbajal. On this record, the district court's finding that Carbajal accepted responsibility was not clearly erroneous.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3